The People of the State of New York, Respondent,
K.M. Asvazadourain, Appellant.
K. M. Asvazadourain, appellant pro se.
Greenburgh Town Attorney (Margaret C. Taglia of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Greenburgh, Westchester County (Walter Rivera, J.), rendered March 4, 2016. The judgment, after a nonjury trial, convicted defendant of using a mobile telephone while operating a motor vehicle.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with using a mobile telephone while operating a motor vehicle (Vehicle and Traffic Law § 1225-c [2] [a]). At a nonjury trial, a New York State trooper testified that, on April 1, 2015, while patrolling westbound on Interstate 287, he observed defendant driving a white Mercedes automobile, holding a cell phone in her left hand up to her left ear. The trooper initiated a traffic stop, whereupon defendant told the trooper that her daughter had called because she was home alone. During her testimony, while defendant admitted that she had been engaged in a call at the time, she denied that she had been holding the phone to her ear and indicated that there was no reason for her "to be on" her cell phone since her automobile has hands-free bluetooth connectivity. Following the close of all of the evidence at trial, defendant, in effect, moved to dismiss the charge, contending that she was "not on [her] cell phone" because her car came equipped with bluetooth technology. The People opposed the motion, contending that, regardless of whether defendant's car was equipped with bluetooth technology, she failed to demonstrate that she was actually using it. The Justice Court denied the motion and found defendant guilty of violating Vehicle and Traffic Law § 1225-c (2) (a). On appeal, defendant contends that the evidence was legally insufficient to support the conviction and that the verdict was against the weight of the evidence.
Vehicle and Traffic Law § 1225-c (2) (a) provides that "no person shall operate a motor vehicle upon a public highway while using a mobile telephone to engage in a call while such vehicle is in motion . . . ." For purposes of the statute, "using" a mobile telephone means holding a mobile telephone to, or in the immediate proximity of, the user's ear (Vehicle and Traffic Law § 1225-c [1] [c] [i]), and "engage in a call" means "talking into or listening on a hand-held mobile telephone, but shall not include holding a mobile telephone to activate, deactivate or initiate a function of such telephone" (Vehicle and Traffic Law § 1225-c [1] [f]). Moreover, "[a]n operator [*2]of any motor vehicle who holds a mobile telephone to, or in the immediate proximity of, his or her ear while such vehicle is in motion is presumed to be engaging in a call within the meaning of this section . . . . [and] [t]he presumption established by this subdivision is rebuttable by evidence tending to show that the operator was not engaged in a call" (Vehicle and Traffic Law § 1225-c [2] [b]). 
Here, the evidence, when viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), was legally sufficient to support the conviction as the trooper's testimony that defendant had been driving while holding a cell phone in her hand up to her ear gave rise to a presumption that defendant had been engaged in a call on a hand-held mobile telephone while operating her motor vehicle.
When determining whether a verdict was against the weight of the evidence, the court must weigh the relative probative forces of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Nonetheless, great deference is accorded to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see Mateo, 2 NY3d at 410; Bleakley, 69 NY2d at 495). If it appears that the trier of fact had given the evidence the weight it should be accorded, then the verdict should not be disturbed (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]). Here, we find no basis to disturb the court's explicit credibility determination that defendant was holding a cell phone up to her ear while driving. Therefore, the presumption that defendant had been engaged in a call on a hand-held mobile telephone while operating her motor vehicle arose. 
Pursuant to Vehicle and Traffic Law § 1225-c (2) (b), the burden was then on defendant to rebut the presumption by demonstrating that she had not been engaged in a call. As defendant admitted that she had been engaged in a call with her daughter while driving, she failed to rebut the presumption. Consequently, the verdict convicting defendant of violating Vehicle and Traffic Law § 1225-c (2) (a) was not against the weight of the evidence (see People v Tzotzchev, 43 Misc 3d 138[A], 2014 NY Slip Op 50709[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). 
We do not consider defendant's remaining contentions, which are either raised for the first time on appeal or rely on matters which are dehors the record (see People v Anghel, 44 Misc 3d 134[A], 2014 NY Slip Op 51158[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Bregaudit, 31 Misc 3d 152[A], 2011 NY Slip Op 51136[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). 
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., and RUDERMAN, J., concur.
TOLBERT, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 12, 2018